IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DAVID J. WELLES,<br><br>Plaintiff,<br><br>vs.<br><br>ANDREW SAUL, Commissioner of Social Security;<br><br>Defendant. | 8:18CV444<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the plaintiff's motion for attorney fees under 42 U.S.C. § 406(b). Filing No. 28. The Court has already ordered attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d), in the amount of $3,443.36, subject to offset to satisfy any pre-existing debt that the litigant may owe to the United States. Filing No. 26.

I.  FACTS

This is an action for judicial review of a final decision of the Commissioner of the Social Security Administration denying the plaintiff's application for Social Security Disability ("Disability") and Supplemental Security Income ("SSI") benefits pursuant 42 U.S.C. §405(g). On September 21, 2018, Mr. Welles filed his Complaint in this matter. Filing No. 1. On February 7, 2020, this Court reversed the final decision of the Commissioner and remanded for a determination of benefits. Filing No. 22.

1

In support of his motion, the plaintiff has shown that on or about September 14, 2018, he entered into a fee agreement with counsel, Wes Kappelman and Mr. Cuddigan, providing for a contingency fee of twenty-five percent of past due benefits.  Filing No. 28-1, Ex. 1, Contingent Fee Agreement.  On August 17, 2020, the Commissioner provided information of the plaintiff's past due benefits.  Filing No. 28-2 and Filing No. 28-3, Exs. 2 and 3, Notice; and Filing No. 28-4, Ex. 4, social security letter accepting fee agreement.

In support of his motion, the plaintiff presents evidence that he and his attorneys agree to a 25% contingent fee.  Filing No. 28-1.

## II.  LAW

### a.  406(b)

The Social Security Act authorizes a federal district court to award attorney fees for representation before the court under 42 U.S.C. § 406(b).  Congress enacted § 406(b) to "protect claimants against inordinately large fees and also to ensure that attorneys representing successful claimants would not risk nonpayment of [appropriate] fees." *Gisbrecht v. Barnhart*, 535 U.S. 789, 805 (2002) (internal quotation marks omitted).  Fees under § 406(b) satisfy a client's obligation to counsel and, therefore, attorney fees are withheld by the Commissioner and paid directly to the attorney out of past-due benefits awarded.  42 U.S.C. § 406(b); 20 C.F.R. § 404.1720(b)(4) (2011).

"[Section] 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court."  *Gisbrecht*, 535 U.S. at 807.  However, a contingency-fee agreement that provides for fees in excess of the boundary imposed by Congress, twenty-five percent of past-due benefits, is *per se* unreasonable.  See *id.*; 42 U.S.C. § 406(b)(1)(A);

2

see also Culbertson v. Berryhill, 139 S. Ct. 517, 523 (2019) (holding that the twenty-five percent cap in § 406(b)(1)(A) (for representation before the agency) applies only to fees for court representation, and not to the aggregate fees awarded under §§ 406(a) (and (b)). If the contingency-fee agreement is at or below the twenty-five percent boundary, the attorney for the successful claimant must establish that the fee sought is reasonable in proportion to the services rendered. Gisbrecht, 535 U.S. at 807.

District courts are responsible for conducting an "independent check" to ensure the fee award is reasonable. Id. Although the district court may consider the hourly rate in determining the reasonableness of a fee award, the court must first consider the fee agreement, testing it for reasonableness; then reduce the fees based on the character of the representation and results achieved, whether counsel was responsible for delay, and whether the benefits achieved were large in comparison to the time expended by counsel. Id. at 807-08; see Jones v. Berryhill, 699 F. App'x 587, 588 (8th Cir. 2017). A court should determine whether a downward adjustment of an attorney's recovery is appropriate based on the character of the representation and the results the attorney achieved. Gisbrecht, 535 U.S. at 808. To avoid a windfall to a successful claimant's attorney, the court should make a downward adjustment if the award of benefits is large in comparison to the amount of time counsel spent on the case. Id.; Rodriquez v. Bowen, 865 F.2d 739, 747 (6th Cir. 1989) ("Where a case has been submitted on boilerplate pleadings, in which no issues of material fact are present and where no legal research is apparent, the benchmark twenty-five percent of awards fee would obviously be inappropriate"). Courts may also reduce an award in situations "occasioned by improper conduct or ineffectiveness of counsel,"

such as where an attorney delays a case to increase the attorney's share of "past-due" benefits.  *Rodriquez*, 865 F.2d at 746; *Gisbrecht*, 535 U.S. at 808.

Courts may award attorney fees to prevailing claimants and their attorneys under both the EAJA and § 406(b); however, a double recovery is not permitted.  *Gisbrecht*, 535 U.S. at 796.  "EAJA fees and fees available under § 406 are two different kinds of fees that must be separately awarded."  *Frazier v. Apfel*, 240 F.3d 1284, 1286 (10th Cir. 2001).  When both awards are granted, the attorney must refund the lesser award to the client.  *Id.*

### III.   DISCUSSION

The plaintiff requests attorney fees under § 406(b) in the amount of $10,663.00, which is slightly less than the twenty-five percent of the back benefits awarded to the plaintiff.  *See* Filing No. 28, motion for attorney fees at 2.

The government has no objections to the plaintiff's motion.  Filing No. 29, at 1.  However, the government asks this Court to independently review the request filed by plaintiff.

The Court has conducted an independent review of the fee arrangement and finds the fee requested under § 406(b) satisfies the statutory requirement of yielding a "reasonable" result in this particular case, in light of the character of the representation and the results achieved.  Plaintiff requests a total of $10,663.00.  This is the $11,653.25, the agency has withheld from Mr. Welles' past due benefits + $740.75 that should have been withheld from auxiliary benefits - $1,731.00, Mr. Cuddigan has received for fees under 42 U.S.C. § 406(a) in connection with his representation in a new application.  The requested fee is not unreasonable based upon the agreement of the parties, the time

4

expended in the District Court and the results obtained. The amount requested is within the 25% past due benefits. Accordingly, the Court will award $10,663.00, to the plaintiff under 42 U.S.C. § 406(b)(1). The fees awarded by this Court under the Equal Access to Justice Act in the amount of $3,443.36, will be refunded to the claimant by counsel.

THEREFORE, IT IS ORDERED THAT:

1. Plaintiff's motion for attorney fees under 42 U.S.C. § 406(b) (Filing No. 28) is granted. The plaintiff is awarded $10,663.00, under 42 U.S.C. § 406(b)(1).

2. The Court orders the Social Security Administration to send the § 406(b) award to Mr. Kappelman, who will then disburse to Mr. Cuddigan his portion of the award. Reimbursement of any Equal Access to Justice Act award to Mr. Welles will be effectuated by Mr. Cuddigan and Mr. Kappelman upon receipt of fees under 42 U.S.C. § 406(b).

3. Counsel will refund the fees awarded under the Equal Access to Justice Act to plaintiff, unless there is a total *Ratliff* offset. If there is a total *Ratliff* offset to a qualifying creditor, counsel will forward the offset letter to Mr. Welles.

4. A Judgment in accordance with this Memorandum and Order will issue this date.

Dated this 30th day of December, 2020.

BY THE COURT:

s/ Joseph F. Bataillon  
Senior United States District Judge